**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3503-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALAN R. FRATELLO, a/k/a
ALAN R. FRATELLO, JR.,

     Defendant-Appellant.

_____

Argued August 16, 2022 – Decided March 3, 2023
Remanded by the Supreme Court June 27, 2023
Resubmitted September 18, 2024 – Decided January 13, 2025

Before Judges Sumners and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-08-1157.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Joyce L. Nadipuram, Designated Counsel, and Alison Perrone, Deputy Public Defender, on the briefs).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit and Hudson E. Knight, Assistant Prosecutors, on the briefs).

PER CURIAM

After a jury trial, defendant was convicted of second-degree eluding but acquitted of second-degree aggravated assault. The sentencing court found defendant extended term eligible and imposed an eleven-year term of incarceration with a five-year period of parole ineligibility. Defendant appealed, contending the trial court erred by denying his motion for acquittal and by improperly answering jury questions during deliberations. We affirmed, concluding that the trial court properly denied defendant's acquittal motion and that the court's response to two jury questions posed during deliberations was not error. State v. Fratello, No. A-3503-19 (App. Div. Mar. 3, 2023) (Fratello I).

After granting defendant's petition for certification, the Supreme Court remanded the case to this court, with the following instruction: "[This appeal is] summarily remanded to the Superior Court, Appellate Division for reconsideration in light of State v. Berry, 254 N.J. 129 (2023)." Having considered the post-remand briefs, we affirm for the following reasons.

The complete factual and procedural history are recited in our opinion affirming the trial court, Fratello I, slip op. at 2-6. We recount only that history relevant to the issue before us.

The record shows that, after summations, the trial court instructed the jury. We reference only the court's duress instruction, which stated:

> In defense of the charge of eluding, [defendant] contends he is not guilty because at the time of the offense, he acted under duress. In other words, he was coerced to commit the offense due to the use of unlawful force against him. Our law provides in pertinent part that it is an affirmative [defense] that a defendant engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of unlawful force against him, which a person of reasonable firmness in his situation would have been unable to resist. Before conduct which would otherwise be criminal can be excused on the ground that such conduct was a direct result of force used upon the defendant, the evidence must indicate that the following conditions existed at the time. Those conditions are that there was use of unlawful force against the defendant, and the force would be of such a type that a person of reasonable firmness in a similar situation would have been unable to resist. Unlawful force means force which is employed without consent of the person against whom it is directed. In determining whether the defense of duress has been established, you should consider the factor of immediacy. That is, the force posed a danger of present, imminent, and impending harm to the defendant, as well as the gravity of the harm; the seriousness of the crime committed, the identity of the person endangered, and the possibility for escape or

3

resistance, and the opportunity for seeking official assistance if realistic. Remember, the standard used here is that when a person of reasonable firmness in the defendant's situation would have been unable to resist. The State has the burden of proving beyond a reasonable doubt each element of the offense of eluding. The State also has the burden of disproving beyond a reasonable doubt the defense of duress. If you find the State has proven beyond a reasonable doubt each element of the offense charged, and that the State has disproved beyond a reasonable doubt the defense of duress, you must find the defendant guilty of eluding. If, however, you determine the State has failed to prove beyond a reasonable doubt one or more elements of the charge of eluding or has failed to disprove the defense of duress, you must find the defendant not guilty.

See Model Jury Charges (Criminal), "Duress (N.J.S.A. 2C: 2-9)" (approved May 5, 1982). Before deliberations, the court gave the jurors a verdict sheet, which stated in pertinent part:

> 1. How do you find the defendant, Alan Fratello, on the charge of Eluding in that on the 12th day of June, 2018 he did knowingly flee or attempt to elude Detective Eric Tighelaar of the South Brunswick Police Department after being ordered to bring his vehicle to a full stop?
>
> NOT GUILTY        GUILTY
>
> If you find the defendant "NOT GUILTY," please go on to question 2 [on the lesser included offense of Resisting Arrest].
>
> If you find the defendant "GUILTY," please answer the following question.

4

> Did the State prove beyond a reasonable
> doubt said flight or attempt to elude created
> a risk of death or injury to any person?
>
> NO                    YES

During deliberations, the jury asked the trial court two questions: "If we answer yes to all seven statements for question [one], does the presence of duress affect those answers? If there is presence of duress, is it still considered eluding?" We refer to Fratello I to recount what happened next:

> In response to the questions, trial counsel made two requests of the trial court: "clarify" the standard duress charge; and provide supplemental instructions to the jury on how to complete the verdict sheet. The trial court rejected both requests. The court called the jury in, read their question back, and then read the following:
>
>> If you find the State has proven to you beyond a reasonable doubt each element of the offense of eluding and that the State has disproved beyond a reasonable doubt the defense of [duress], you must find the defendant guilty. If, however, you determine that the State has failed to prove beyond a reasonable doubt one or more elements of eluding or has failed to disprove the defense of duress, you must find the defendant not guilty of eluding.
>
> The court repeated this instruction and told the jury where they could find it in their jury instruction packet.
>
> [Slip op. at 13-14.]

A-3503-19

The record shows that counsel failed to object to: the original jury instructions on eluding or duress; the verdict sheet as composed; or the trial court's answers to the jury questions. Ibid.

We reconsider Fratello I in light of the Supreme Court's opinion in State v. Berry. In Berry, the Court analyzed the responses of a trial court to a question posed by a jury during deliberations. 254 N.J. at 132. The jury was deliberating over the fate of a defendant charged with drug trafficking offenses, including N.J.S.A. 2C:35-3, "commonly referred to as the 'kingpin' offense." Ibid.

We recite the Court's succinct account of what took place, together with its assessment of the Berry trial court's actions:

> As to the four material elements of the kingpin offense, the jury asked whether it was "possible" to be a supervisor (the third element), but not to occupy a high-level position (the fourth element). That question required a "yes" or "no" answer – and the answer is indisputably "yes," one can be a "supervisor" but not hold a "high-level" position in a drug trafficking network. Instead of responding "yes" to the question, however, the judge re read the entire model kingpin charge; opined that those elements, three and four, sounded similar; and may have implicitly suggested that being a "supervisor" is sufficient to establish that a defendant held a "high-level" position within such an organization. The response to the question was an error clearly capable of producing an unjust result.
>
> [Ibid.]

When presented with the jury's question seeking a comparison of the third and fourth elements of the kingpin statute, the <u>Berry</u> trial court took three relevant actions: (1) rejected defense counsel's request to directly answer the jury's question with a yes or no answer; (2) re-read the entire kingpin charge; and (3) chose to extemporaneously "explain" the charge. Part of the court's extemporaneous "explanation" of the charge included a statement that it "agree[d] with" the jury that elements three and four of the charge "sound[ed] similar[.]" This last statement, combined with the trial court's refusal to give a yes or no answer to the jury's sole question, undermined the court's re-reading of the kingpin charge. The Court again recounted the pertinent events and summarized its analysis:

> [I]n declining to answer "yes," the judge informed counsel that he would re-read the entire charge then "elaborate on that a little bit." Thus, after re-reading the four elements of the offense, the judge stated, "All right, so, you have the 4 elements, 3 and 4 on the surface do they sound similar? Yeah, I would agree with you. They sound similar but they are 4 separate elements to this offense and you have to consider each one separately." Although the judge was correct that each element of the offense must be considered separately, his statement that he "agree[d] with" the jury that elements three and four "sound[ed] similar" could easily have been interpreted to mean that the two require the same proofs, which is not correct. As the appellate court insightfully pointed out, the judge "unwittingly suggested that being a supervisor is

sufficient to establish that a defendant occupied a high-level position within the organization." State v. Berry, 471 N.J. Super. 76, 112 (App. Div. 2022). The judge's elaboration, therefore, amounted to plain error.

We conclude the error was clearly capable of producing an unjust result because such a suggestion – that being a supervisor (element three) is sufficient to establish that a defendant occupied a high-level position (element four) – could have led the jury to find the State proved defendants were "high-level" leaders merely by proving they were "supervisor[s]."

[Id. at 147-48 (citation omitted).]

The Court next outlined what a trial judge should do when a jury poses questions during the course of deliberations. It stated:

When a jury requests clarification, a trial judge "is obligated to clear the confusion." State v. Savage, 172 N.J. 374, 394 (2002). If a jury's question is ambiguous, a trial judge "must clarify the jury's inquiry by ascertaining the meaning of its request." Ibid. In other words, "the trial judge is obliged to answer jury questions posed during the course of deliberations clearly and accurately and in a manner designed to clear its confusion, which ordinarily requires an explanation beyond rereading the original charge. The court's failure to do so may require reversal." Pressler & Verniero, Current N.J. Court Rules, cmt. 7 on R. 1:8-7 (2023).

[Id. at 145-46.]

Here, the jury submitted two questions to the trial judge during deliberation: "If we answer yes to all seven statements for question [one], does

the presence of duress affect those answers?  If there is presence of duress, is it still considered eluding?"  We briefly unpack the jury questions.

The first part of question one explicitly references the seven elements of the crime of eluding, N.J.S.A. 2C:29-2(b).  The remainder of question one <u>and</u> all of question two require an explanation of the defense of duress in order to assess that defense's legal impact, if proven, on the crime of eluding.

The questions before us are unlike the jury question in <u>Berry</u>.  In <u>Berry</u>, the jury sought clarification on two of the four elements of the kingpin statute, because they found the elements "similar."  The <u>Berry</u> record makes clear that the jury required an answer that would help them determine defendant's guilt or innocence on the kingpin charge.  Here, the jury indicated by their question that they understood how to separately analyze both eluding and duress on the facts before them.  The jury's questions went to how the affirmative defense of duress operates on the crime of eluding if they found defendant guilty of that crime. They involve straightforward application of the facts to the law as instructed by the trial court, which is the heart of the jury function.

Applying the principles articulated in <u>Berry</u>, we conclude the two questions were ideally suited for the course of action chosen by the trial court, which correctly relied on the model jury charge to explain how the jury's finding

9

of duress could operate to acquit defendant. In this circumstance, we discern no clear capacity for producing an unjust result where the trial court elected to "reiterate only the words of the model jury charge." Id. at 146. The trial court's decision was "entirely appropriate." Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3503-19